1  CHAD A. READLER
   Acting Assistant Attorney General, Civil Division
2  EILEEN M. DECKER
   United States Attorney
3  DOROTHY A. SCHOUTEN, AUSA
   Chief, Civil Division
4  DAVID K. BARRETT, AUSA
   Chief, Civil Fraud Section
5  KENT A. KAWAKAMI (Cal. State Bar No. 149803)
   Assistant United States Attorney
6       Room 7516, Federal Building
        300 N. Los Angeles Street
7       Los Angeles, California 90012
        Tel: (213) 894-4858  Fax: (213) 894-7819
8       Email: kent.kawakami@usdoj.gov
   MICHAEL D. GRANSTON
9  MICHAL TINGLE
   ALAN S. GALE
10 Attorneys
        United States Department of Justice
11      P.O. Box 261, Ben Franklin Station
        Washington, DC 20044
12      Tel: (202) 307-6296  Fax: (202) 616-4286
        Email: alan.gale@usdoj.gov
13 Attorneys for the United States of America

14              UNITED STATES DISTRICT COURT

15          FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                   WESTERN DIVISION

17 UNITED STATES OF AMERICA *ex rel.*     No. CV 14-08755 SVW(FFMx)
   **[UNDER SEAL]**,
18                                         UNITED STATES' MEMORANDUM OF
              Plaintiff[s],                POINTS AND AUTHORITIES IN
19                                         SUPPORT OF MOTION FOR ORDER
                  v.                       UNSEALING ACTION EXCEPT AS TO
20                                         CERTAIN DOCUMENTS
   **[UNDER SEAL]**,
21                                         **[FILED UNDER SEAL PURSUANT TO**
              Defendant[s].                **THE FALSE CLAIMS ACT, 31 U.S.C.**
22                                         **§§ 3730(b)(2) AND (3)]**

23                                         [FILED OR LODGED
                                           CONCURRENTLY UNDER SEAL:
24                                         NOTICE OF MOTION AND MOTION;
                                           [PROPOSED] ORDER]
25
                                           COURT: Hon. Stephen V. Wilson
26                                         DATE:  March 13, 2017
                                           TIME:  1:30 p.m.
27

28

1  CHAD A. READLER
   Acting Assistant Attorney General, Civil Division
2  EILEEN M. DECKER
   United States Attorney
3  DOROTHY A. SCHOUTEN, AUSA
   Chief, Civil Division
4  DAVID K. BARRETT, AUSA
   Chief, Civil Fraud Section
5  KENT A. KAWAKAMI (Cal. State Bar No. 149803)
   Assistant United States Attorney
6        Room 7516, Federal Building
         300 N. Los Angeles Street
7        Los Angeles, California 90012
         Tel: (213) 894-4858   Fax: (213) 894-7819
8        Email: kent.kawakami@usdoj.gov
   MICHAEL D. GRANSTON
9  MICHAL TINGLE
   ALAN S. GALE
10 Attorneys
         United States Department of Justice
11       P.O. Box 261, Ben Franklin Station
         Washington, DC 20044
12       Tel: (202) 307-6296   Fax: (202) 616-4286
         Email: alan.gale@usdoj.gov
13 Attorneys for the United States of America

14              UNITED STATES DISTRICT COURT

15        FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                   WESTERN DIVISION

17 | UNITED STATES OF AMERICA *ex rel.* | No. CV 14-08755 SVW(FFMx)
   | **[UNDER SEAL]**,
18 |                                    | UNITED STATES' MEMORANDUM OF
   |              Plaintiff[s]**,**      | POINTS AND AUTHORITIES IN
19 |                                    | SUPPORT OF MOTION FOR ORDER
   |                  v.                 | UNSEALING ACTION EXCEPT AS TO
20 |                                    | CERTAIN DOCUMENTS
   | **[UNDER SEAL]**,
21 |                                    | **[FILED UNDER SEAL PURSUANT TO**
   |              Defendant[s].          | **THE FALSE CLAIMS ACT, 31 U.S.C.**
22 |                                    | **§§ 3730(b)(2) AND (3)]**
23                                        [FILED OR LODGED
                                          CONCURRENTLY UNDER SEAL:
24                                        NOTICE OF MOTION AND MOTION;
                                          [PROPOSED] ORDER]
25
                                          COURT:  Hon. Stephen V. Wilson
26                                        DATE:   March 13, 2017
                                          TIME:   1:30 p.m.
27

28

CHAD A. READLER
Acting Assistant Attorney General, Civil Division
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN, AUSA
Chief, Civil Division
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
KENT A. KAWAKAMI (Cal. State Bar No. 149803)
Assistant United States Attorney
        Room 7516, Federal Building
        300 N. Los Angeles Street
        Los Angeles, California 90012
        Tel: (213) 894-4858   Fax: (213) 894-7819
        Email: kent.kawakami@usdoj.gov
MICHAEL D. GRANSTON
MICHAL TINGLE
ALAN S. GALE
Attorneys
        United States Department of Justice
        P.O. Box 261, Ben Franklin Station
        Washington, DC 20044
        Tel: (202) 307-6296   Fax: (202) 616-4286
        Email: alan.gale@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER MATTHEWS,<br><br>            Plaintiff,<br><br>            v.<br><br>NORTHROP GRUMMAN CORPORATION,<br><br>            Defendant. | No. CV 14-08755 SVW(FFMx)<br><br>UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER UNSEALING ACTION EXCEPT AS TO CERTAIN DOCUMENTS<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. §§ 3730(b)(2) AND (3)]**<br><br>[FILED OR LODGED CONCURRENTLY UNDER SEAL: NOTICE OF MOTION AND MOTION; [PROPOSED] ORDER]<br><br>COURT:  Hon. Stephen V. Wilson<br>DATE:     March 13, 2017<br>TIME:     1:30 p.m. |

I.    INTRODUCTION

*Qui tam* plaintiff Peter Matthews (the "Relator") filed this action on November 12, 2014 under the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA").  Following service of the Complaint and a written disclosure statement, the United States of America ("the United States") investigated the Relator's allegations.  On January 17, 2017, the United States filed its Notice of Election to Decline Intervention.  The Relator subsequently requested the Court to dismiss without prejudice this action, to which the United States consented.  On January 24, 2017, the Court ordered this action dismissed without prejudice.

Accordingly, the United States respectfully requests that the Court unseal this action, except as to certain documents identified below.[1]  Specifically, the United States requests the following:  (1) that the seal be lifted as to the Complaint, the United States' Notice of Election to Decline Intervention, the Relator's Request for Dismissal of Action and the United States' Consent, the Order to Dismiss the Action, the United States' Motion to Unseal the action and supporting memoranda, Relator's Opposition thereto, any Order entered by the Court in connection with this Unseal Motion, and all documents filed or lodged in this action after the date of such Unseal Order; but (2) that all other contents of the Court's file in this action filed or lodged to date, shall remain under seal and shall not be made public or served upon the defendant or any other person.

/ / /

/ / /

/ / /

---

[1] Local Rule 79-7.2 provides as follows: "An application for disclosure of cases or documents filed under seal must be made to the Court in writing and must be filed by the person seeking disclosure. The application shall set forth with particularity the need for specific information in such records. The procedures of L.R. 7-3 et seq. shall govern the hearing of any such application. A nonparty seeking access to a sealed document may intervene in a case for the purpose of filing an application for disclosure of the document."

II.   THIS ACTION SHOULD BE UNSEALED, EXCEPT AS TO CERTAIN DOCUMENTS

The FCA provides that a relator may bring a civil action for a violation of 31 U.S.C. § 3729.  31 U.S.C. § 3730(b)(1).  The FCA further provides that the complaint "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders," but that the government, "for good cause shown," may move the court for extensions of the time "during which the complaint remains under seal under paragraph (2)."  Id. § 3730(b)(2) and (3).

Accordingly, the FCA provides for sealing for a finite 60-day period (plus any court-ordered continuances) to allow the United States to decide whether or not to intervene in the action, after which the seal should be lifted.  See United States v. Kitsap Physicians Service, 314 F.3d 995, 998 n.2 (9th Cir. 2002) ("in this case, Aflatooni's counsel informed us at oral argument that the government had elected not to intervene.  When that occurs, the relator must unseal the complaint and serve the putative defendants.") (emphasis added); see also United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F.Supp.2d 64, 67 (D.D.C. 2011) ("FCA cases are brought with the expectation that the pleadings will eventually be unsealed.") (citing ACLU v. Holder, 673 F.3d 245, 257 (4th Cir. 2011)); United States ex rel. Coughlin v. IBM Corp., 992 F. Supp. 137, 140 (S.D.N.Y. 1998) (FCA "envisions the lifting of the seal as to certain documents, particularly the relator's complaint" after an intervention or declination decision); United States ex rel. Herrera v. Bon Secours Cottage House Servs., 665 F.Supp.2d 782, 784-85 (E.D. Mich. 2008) ("the imposition of a 60-day time period for sealing qui tam complaints reflects Congress' desire to have the seal lifted after the Government conducts its initial investigation and decides whether to intervene").

Moreover, a strong presumption exists in favor of public access to judicial files.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."); see

2

1    also Nixon v. Warner Communications, 435 U.S. 589, 597 (1978) ("[c]ourts of this

2    country recognize a general right to inspect. . . judicial records and documents").

3    Notably, "there is nothing in the FCA suggesting that the initial seal was imposed to

4    protect the identity of the relator or that qui tam complaints in which the Government

5    decides not to intervene should be permanently sealed." Herrera, 665 F.Supp.2d at 785.

6    This is due in part because, unlike other types of civil matters, FCA cases "receive

7    special consideration by the courts because they 'inherently implicate the public

8    interest.'" Durham, 818 F.Supp.2d at 67 (quoting United States ex rel. Littlewood v.

9    King Pharmaceuticals, Inc., 806 F.Supp.2d 833, 840 (D. Md. 2011)).  Taxpayers possess

10   a strong interest in allegations of fraud committed against the United States that results

11   in monetary loss to the government.  See United States ex rel. Schweizer v. Oce, N.V.,

12   577 F.Supp.2d 169, 172 (D.D.C. 2008).  Thus, there is a "generalized need for public

13   access" in FCA cases. Id. at 173.

14        The United States, however, requests that all papers filed in connection with its

15   request to extend the seal and intervention election period remain under seal.  Congress

16   specifically permitted the government to submit its requests for extensions of the

17   intervention deadline in camera, 31 U.S.C. §§ 3730(b)(2) and (b)(3), and the United

18   States did so in this case.  These in camera submissions reveal the United States'

19   techniques and strategies in investigating FCA allegations.  There would be a significant

20   chilling effect on the ability of the government to pursue FCA cases if its investigatory

21   techniques and strategies were disclosed to FCA defendants.  For these reasons, the

22   United States requests that the Court seal those documents permanently.  See Friedman

23   v. Bache, 738 F.2d 1336, 1341 (D.C. Cir. 1984) (recognizing a qualified common law

24   privilege for law enforcement investigatory files); see also United States ex rel. O'Keefe

25   v. McDonnell Douglas Corp., 902 F. Supp. 189, 192 (E.D. Mo. 1995) (unsealing

26   complaints, but permitting materials providing "some substantive details regarding the

27   government's methods of investigation" to remain under seal); United States ex rel.

28

3

1   <u>Stephens v. Prabhu</u>, No. CV92-653-LDG, 1994 WL 761236, *1 (D. Nev. Dec. 9, 1994)

2   (denying defendants' motion to unseal after determining the sealed material would not

3   assist the defendants in assessing the credibility of the relators' allegations and that the

4   materials concerned the government's investigative strategies).

5        Specifically, the United States requests the following:  (1) that the seal be lifted as

6   to the Complaint, the United States' Notice of Election to Decline Intervention, the

7   Relator's Request for Dismissal of Action and the United States' Consent, the Order to

8   Dismiss the Action, the United States' Motion to Unseal this action and supporting

9   memoranda and Relator's Opposition thereto, any Order entered by the Court in

10  connection with this Motion, and all documents filed or lodged in this action after the

11  date of such Order; but (2) that all other contents of the Court's filed in this action filed

12  or lodged to date, including all papers filed in connection with the United States'

13  requests to extend the seal and intervention election period, shall remain under seal and

14  shall not be made public or served upon the defendant or any other person.

15  III.   <u>CONCLUSION</u>

16       For the foregoing reasons, the United States respectfully requests that the Court

17  unseal this action except as to the specific documents described herein and in the

18  proposed order accompanying this motion.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1     Dated:  February *10*, 2017        Respectfully submitted,

2                                       CHAD A. READLER
                                      Acting Assistant Attorney General, Civil Division

3                                       EILEEN M. DECKER
                                      United States Attorney

4                                       DOROTHY A. SCHOUTEN, AUSA
                                      Chief, Civil Division

5                                       DAVID K. BARRETT, AUSA
                                      Chief, Civil Fraud Section

6                                       MICHAEL D. GRANSTON
                                      MICHAL TINGLE

7                                       ALAN S. GALE
                                      Attorneys, Civil Division

8                                       United States Department of Justice

9

10

11                                       KENT A. KAWAKAMI
                                      Assistant United States Attorneys

12

13                                       Attorneys for the
                                      United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY E-MAIL

I am over the age of 18 and not a party to the above-captioned action.  I am employed by the Office of United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On February 10, 2017, I served the UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER UNSEALING ACTION EXCEPT AS TO CERTAIN DOCUMENTS on each person or entity named below by e-mail, pursuant to the stipulation between the Relator and the United States of America, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

Date of e-mailing:  February 10, 2017.  Place of e-mailing:  Los Angeles, California.

Person(s) and/or Entity(s) to whom e-mailed:

CLAIRE SYLVIA
(csylvia@phillipsandcohen.com)
EDWARD ARENS
(earens@phillipsandcohen.com)
PHILLIPS & COHEN LLP
Attorneys for Relator Peter Matthews

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2017, at Los Angeles, California.

ROZ DAVIS